UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 4:22-cv-00720-O |
| NEXGEN PHARMACEUTICALS, LLC, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Plaintiff's Motion to Dismiss Amended Counterclaim to First Amended Complaint (ECF No. 24), filed on May 18, 2023; Defendant's Response (ECF No. 25) and Appendix (ECF No. 26), filed on May 22, 2023; and Plaintiff's Reply (ECF No. 27), filed on June 5, 2023. Having considered the briefing and applicable law, the Court **GRANTS** Plaintiff's Motion and **DISMISSES without prejudice** Defendant's counterclaims.

**I.   BACKGROUND**[1]

This insurance coverage action arises out of settlement negotiations in an underlying lawsuit. The facts are not disputed. Evanston Insurance Company ("Evanston") issued a liability insurance policy (the "Policy") to Absolute Veterinary Compounding Pharmacy LLC ("Absolute Vet"), which subsequently merged into NexGen Pharmaceuticals, LLC ("NexGen"). Under the Policy, Evanston must defend a covered claim. At the same time, the Policy sets forth several bars to—and limitations on—coverage.

---

[1] All undisputed facts are drawn from Plaintiff's First Amended Complaint (ECF No. 20) and Plaintiff's Motion to Dismiss (ECF No. 24), unless otherwise specified. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Defendant. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

1

Absolute Vet and NexGen are currently named defendants in a separate state court tort action (the "Jones Action"). In the Jones Action, the claimants brought a variety of claims against Absolute Vet—and its successor, NexGen—stemming from the allegation that Absolute Vet incorrectly filled a prescription that was fatal to claimants' horses. The parties to the Jones Action have engaged in settlement negotiations. Relevant here, the claimants in the Jones Action seek recovery of their attorneys' fees. These settlement negotiations have been frustrated by the claimants' insistence on recovering attorneys' fees, prompting a coverage dispute between NexGen and Evanston. Although Evanston offered to pay more than the value of the deceased horses, the claimants in the Jones Action responded to that offer by demanding over $400,000 in attorneys' fees. NexGen argues that it is entitled to coverage in the Jones Action as a successor-in-interest to an insured. As such, NexGen contends that Evanston must settle the Jones Action by paying an amount allocable to the alleged attorneys' fees. The Jones Action remains pending and unsettled.

Due to the coverage dispute, Evanston commenced this lawsuit on August 18, 2022. Evanston seeks judicial declarations that NexGen is not entitled to any coverage under the Policy and that the Policy provides no coverage for the underlying claimants' attorneys' fees. NexGen responded by asserting two counterclaims: one for declaratory relief and a second for failure to settle in good faith under the Texas Insurance Code. Since the filing of NexGen's counterclaims, the parties have agreed that the Texas Insurance Code counterclaim should be dismissed without prejudice due to ripeness.[2] As such, the Court need only evaluate whether NexGen's declaratory judgment counterclaim should be dismissed.

---

[2] *See* Def.'s Resp. to Mot. to Dismiss Am. Countercl. to First Am. Compl. 6, ECF No. 25 ("NexGen *agrees* with Evanston that this claim is *not yet ripe*, as the third party claims have not yet been resolved by judgment or settlement."); *see also* Pl.'s Mot. to Dismiss Am. Countercl. to First Am. Compl. 15, ECF No. 24 ("[T]he

2

II.     **LEGAL STANDARD**

   A.  **Rule 12(b)(6)**

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954

---

Court should dismiss [NexGen's] counterclaim for violation of . . . the Texas Insurance Code" and "Evanston agrees that dismissal without prejudice is the correct result").

F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

### B. Declaratory Judgment

Under the Declaratory Judgment Act ("DJA"), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The DJA "is an enabling act, which confers discretion on the courts rather than an absolute right upon a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). As such, federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. This includes "discretion in determining whether and when to entertain an action under the [DJA], even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* at 283. When deciding whether to dismiss a declaratory judgment action, a court must follow a three-step inquiry to determine whether (1) the declaratory action is justiciable, (2) the court has authority to grant declaratory relief, and (3) to exercise broad discretion. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).[3] When there is only the question of how to exercise discretion, courts generally dismiss mirror-image counterclaims for declaratory relief that add nothing to the action.

---

[3] The first two steps are justiciability and authority to grant declaratory relief. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). Evanston does not challenge NexGen's declaratory judgment counterclaim on these grounds. Pl.'s Mot. to Dismiss Am. Countercl. to First Am. Compl. 8 n.4, ECF No. 24. Indeed, Evanston agrees that there is an actual controversy between the parties and acknowledges the Court's authority to grant declaratory relief due to diversity jurisdiction and the absence of a pending state court action regarding this coverage dispute. *Id.*

*See, e.g.*, *Liberty Ins. Corp. v. Arch Ins. Co.*, No. 4:20-CV-098-A, 2020 WL 3065523, at *3–4 (N.D. Tex. June 8, 2020) (dismissing mirror-image counterclaim for declaratory relief).

### III.   ANALYSIS

Evanston argues that NexGen's counterclaim for declaratory judgment should be dismissed[4] because it is duplicative of Evanston's own claim for declaratory judgment and merely seeks a determination that affirmative defenses are meritorious.[5] The Court agrees.

Applying the required three-step inquiry here, there is no dispute that the first two prongs are satisfied.[6] First, there is an actual controversy between the parties—namely, whether Evanston had a duty to defend and indemnify in the underlying lawsuit. Indeed, both parties seek declarations to this effect.[7] Second, the Court has authority to grant declaratory relief in this case because diversity jurisdiction is satisfied and neither party has identified a state court action regarding this particular coverage dispute. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387–88 & n.1 (5th Cir. 2003). As a result, the inquiry centers on the third prong concerning whether the Court should use its discretion to dismiss NexGen's declaratory judgment counterclaim. After reviewing each declaratory judgment claim, the Court exercises its discretion to dismiss NexGen's counterclaim. Evanston's existing declaratory judgment claim will accomplish the same as NexGen's counterclaim.

---

[4] Evanston also objects to NexGen's revised counterclaim as an impermissible amendment without leave of court because it seeks "to unilaterally reopen briefing on the Initial Motion to Dismiss." Pl.'s Mot. to Dismiss Am. Countercl. to First Am. Compl. 1 n.1, ECF No. 24. According to Evanston, "NexGen amended its Counterclaim to add legal authority in support of gratuitous legal arguments" first asserted in response to the initial motion to dismiss. *Id.* The Court need not address Evanston's objection because it is mooted by the Court's dismissal of NexGen's counterclaims.

[5] Pl.'s Mot. to Dismiss Am. Countercl. to First Am. Compl. 8, ECF No. 24.

[6] *See id.* at 8 n.4 ("Evanston does not move for dismissal on the basis of the first and second steps: justiciability and the Court's authority to grant declaratory relief.").

[7] NexGen only seeks a declaration regarding Evanston's duty to defend—not indemnification. *See* Def.'s Ans. & Countercl. to First Am. Compl. 9, ECF No. 22 (arguing that Evanston's claim for an indemnity determination is not yet ripe); *see also* Pl.'s Mot. to Dismiss Am. Countercl. to First Am. Compl. 8, ECF No. 24 (characterizing NexGen's requested relief as limited only to the duty to defend).

Evanston's claim "seeks a declaration . . . that it has no duty to defend or indemnify NexGen against any claims that have or could be brought in the underlying Jones Action."[8] According to Evanston, (1) NexGen is not an insured as defined by the Policy, (2) Absolute Vet failed to comply with the Policy's provision concerning change in control of named insured, and (3) the Policy prohibits an assignment of interest without consent by Evanston's endorsement.[9] In the alternative, Evanston seeks a judicial declaration that even if NexGen were entitled to insured status, "there is no coverage" for attorneys' fees for a party other than an insured under the Policy given NexGen's assumption of Absolute Vet's liability via the merger.[10]

NexGen's counterclaim seeks a similar declaration. According to NexGen, it "is entitled to defense by Evanston in the Jones Action as . . . the successor" of Absolute Vet and because "the claim arose during the Policy period."[11] Alternatively, NexGen seeks a declaration that it "is entitled to defense based on waiver or estoppel."[12] However, unlike Evanston's declaratory judgment claim, NexGen argues that "[t]here is no jurisdiction to consider the question of indemnity for any claims arising from the Jones Action, as there has been neither any settlement nor judgment as to those claims."[13] In other words, NexGen's declaratory judgment claim is narrower since it focuses only on the duty to defend.

Although the declaratory relief NexGen seeks is narrower than Evanston's desired declarations, there is still complete overlap regarding the duty to defend. In this sense, NexGen's counterclaim is essentially the mirror-image of Evanston's claim—both seek a declaration regarding whether Evanston has a duty to defend NexGen in the Jones Action. On the one hand,

---

[8] Pl.'s Am. Compl. 9, ECF No. 20 (emphasis omitted).
[9] *Id.* at 9–10.
[10] *Id.* at 11–12.
[11] Def.'s Ans. & Countercl. to First Am. Compl. 6, ECF No. 22 (emphasis omitted).
[12] *Id.* at 8.
[13] *Id.* (emphasis omitted).

NexGen asks the Court to declare that Evanston has a duty to defend Absolute Vet and, therefore, NexGen.[14] On the other hand, Evanston asks the Court to declare that it does not owe such a duty at all.[15] Because these claims are two sides of the same coin, they are functionally mirror images of the same declaratory relief. Therefore, NexGen's counterclaim is duplicative.

NexGen's argument that its counterclaim is "*not* just a 'mirror image' of Evanston's declaratory claim" is unavailing.[16] According to NexGen, its counterclaim is more than an affirmative defense because it "*affirmatively* seek[s] relief that Evanston is *required* to continue representing NexGen in the underlying horse case—not merely seeking to 'defend' against Evanston's claim for a determination that it is *not* so obliged."[17] Although affirmative relief is a proper subject for a counterclaim because such a counterclaim could stand independently on its own, Evanston's declaratory judgment claim includes the exact affirmative relief that NexGen seeks: a declaration regarding Evanston's duty to defend. Should the Court later determine on the merits that Evanston has a duty to defend NexGen in the Jones Action, that duty would require continued representation during the life of that underlying case. There is no need for duplicative claims seeking the same relief.

NexGen next contends that it is also "entitled to a continued defense in the underlying horse case, based . . . on waiver and estoppel," which "present[] *additional* issues."[18] Once again, any such entitlement based on waiver or estoppel is subsumed by Evanston's declaratory judgment claim. And the Court will consider these affirmative defenses when evaluating whether Evanston

---

[14] *Id.* at 3–4; *see also* Def.'s Ans. & Countercl. to First Am. Compl. 6, ECF No. 22 ("NexGen is entitled to coverage under the Policy for claims that arose during the Policy period as the successor owner.").

[15] Pl.'s Mot. to Dismiss Am. Countercl. to First Am. Compl. 8, ECF No. 24; *see also* Pl.'s Am. Compl. 10, 11, ECF No. 20 ("Evanston is entitled to a judgment that there is no coverage, defense[,] or indemnity[] for NexGen.").

[16] Def.'s Resp. to Mot. to Dismiss Am. Countercl. to First Am. Compl. 2, ECF No. 25 (emphasis in original).

[17] *Id.* at 3 (emphasis in original).

[18] *Id.* (emphases omitted).

has a duty to defend NexGen. Any such arguments regarding the impact of affirmative defenses on coverage—alongside arguments regarding the entitlement to coverage as a successor-in-interest, and the impact of merger liability and alleged lack of notice on coverage—can still be raised by NexGen despite dismissal of its duplicative counterclaim. For these reasons, the Court exercises its discretion to dismiss NexGen's declaratory judgment counterclaim because Evanston's existing claim will accomplish the same relief sought by NexGen.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Dismiss (ECF No. 24) should be and, is hereby, **GRANTED** in its entirety. Defendant's counterclaim regarding the Texas Insurance Code is **DISMISSED without prejudice** for lack of ripeness. And Defendant's counterclaim seeking declaratory relief is **DISMISSED without prejudice** as duplicative of Plaintiff's pending declaratory judgment claim.

**SO ORDERED** on this **15th day** of **November, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**